UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| G.P.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, <br><br> Defendant. | Case No. 24-cv-07577-PHK <br><br> **ORDER RE: MANDATORY SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)(2)(B) AND RE: ADMINISTRATIVE MOTION TO CONFIRM RESPONSE DATE** <br><br> Re: Dkts. 1 and 7 |

Plaintiff G.P. ("Plaintiff") brings this action under the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision by the Commissioner of the Social Security Administration, Defendant Martin O'Malley ("Commissioner"), denying Plaintiff's applications for disability insurance benefits and supplemental security income. [Dkt. 1]. The Court separately has granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), in accordance with 28 U.S.C. § 1915(a). [Dkt. 8]. The Court now undertakes a determination of whether Plaintiff's Complaint must be dismissed pursuant to the requirements of § 1915(e)(2)(B).

Any complaint filed pursuant to the IFP provisions of § 1915(a) is subject to mandatory review by the Court and *sua sponte* dismissal if the Court determines the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

---

[1] In actions involving requested review of a decision by the Commissioner of the Social Security Administration, the Court generally uses the first name and initial of last name (or just both initials) of the Plaintiff in the Court's public Orders out of an abundance of caution and out of regard for the Plaintiff's potential privacy concerns.

Complaints in social security cases are not exempt from this screening requirement. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *see also Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012)) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits.").

As an initial matter, the Court finds that the instant Complaint does not "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). First, the Complaint does not seek monetary relief in the form of damages from the Commissioner, but rather seeks a Judgment and Order reversing the Commissioner's decision on the benefits at issue. [Dkt. 1]. Second, the Commissioner is not immune from the relief requested. To the contrary, the Social Security Act expressly authorizes federal judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party." 42 U.S.C. § 405(g).

As in most social security cases, the substantive bulk of the § 1915(e)(2)(B) screening determination focuses on whether the Complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Determining whether a complaint satisfies this requirement is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted). The context here is guided by the fact that this is a social security disability appeal brought by an indigent plaintiff. "Although a complaint in a social security disability appeal may differ in some ways from complaints in other civil cases, it is 'not exempt from the general rules of civil pleading.'" *Lynnmarie E. v. Saul*, No. 21-cv-00244-JLB, 2021 WL 2184828, at *2 (S.D. Cal. May 28, 2021) (quoting *Hoagland*, 2012 WL 2521753, at *2).

In reviewing a complaint for these purposes, "[t]he standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). A Rule 12(b)(6) motion to dismiss tests whether a claim satisfies the

minimum pleading standard for that claim. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) ("A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'").

The requisite minimum pleading standard varies depending on the type of claim(s) at issue. *Iqbal*, 556 U.S. at 679. The currently applicable minimum pleading standard for social security complaints is set forth in the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g). *See Giselle N. v. Kijakazi*, 694 F. Supp. 3d 1193, 1197 (N.D. Cal. 2023). Under Supplemental Rule 2(b)(1), "[t]he complaint must: (A) state that the action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1). Additionally, Supplemental Rule 2(b)(2) provides that the complaint "*may* include a short and plain statement of the grounds for relief." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(2) (emphasis added). Accordingly, for purposes of § 1915(e)(2)(B)(ii), the Court looks to Supplemental Rule 2(b)(1)'s requirements to determine whether Plaintiff's Complaint sufficiently states a claim for relief. *Giselle N.*, 694 F. Supp. 3d at 1197.

As discussed above, Supplemental Rule 2(b)(1) first requires that a social security complaint "state that the action is brought under § 405(g)." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(A). In the instant Complaint, Plaintiff states that they are seeking review of a decision regarding claims for benefits under Title II and Title XVI of the Social Security Act, and thus, jurisdiction is proper under 42 U.S.C. § 405(g). [Dkt. 1 at 2]. Accordingly, the Court finds that Plaintiff's Complaint satisfies the first pleading requirement of Supplemental Rule 2(b)(1).

Supplemental Rule 2(b)(1) next requires that a social security complaint "identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(B). Here, the Complaint indicates that Plaintiff seeks review of an "adverse" decision regarding Plaintiff's applications, which

1  became the final decision of the Commissioner for purposes of judicial review. [Dkt. 1 at 1]. The
2  Complaint includes Plaintiff's full name, as well as the last four digits of Plaintiff's social security
3  number. *Id.* at 2. Construed according to the proper legal standards, the Court finds this
4  information in the Complaint sufficient to satisfy the second requirement of Supplemental Rule
5  2(b)(1).

6  Supplemental Rule 2(b)(1) also requires that a social security complaint "state the name
7  and the county of residence of the person for whom benefits are claimed" and "name the person on
8  whose wage record benefits are claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(C). As
9  already noted, the Complaint here includes Plaintiff's full name. The Complaint states that
10 Plaintiff resides in San Jose, California. [Dkt. 1 at 1]. The Court takes judicial notice that San
11 Jose, California lies within Santa Clara County. *See Muckleshoot Tribe v. Lummi Indian Tribe*,
12 141 F.3d 1355, 1358 n.4 (9th Cir. 1998) ("The court may take judicial notice of undisputed
13 geographical facts."); *Windom-Mattox v. City of Vacaville*, No. C 96-3087 VRW, 1996 WL
14 557748, at *1 (N.D. Cal. Sept. 26, 1996) ("The court takes judicial notice that the City of
15 Vacaville is located in Solano County."). The Complaint identifies Plaintiff as the individual on
16 whose wage record benefits are claimed. [Dkt. 1 at 1]. Accordingly, the Court finds that
17 Plaintiff's Complaint satisfies the third and fourth requirements of Supplemental Rule 2(b)(1).

18 Finally, Supplemental Rule 2(b)(1) requires that a social security complaint "state the type
19 of benefits claimed." Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(E). Here, Plaintiff's Complaint
20 identifies disability insurance benefits (under Title II) and supplemental security income (under
21 Title XVI) as the type of benefits at issue. [Dkt. 1 at 2]. Accordingly, the Court finds that
22 Plaintiff's Complaint satisfies the final pleading requirement of Supplemental Rule 2(b)(1).

23 For the foregoing reasons, the Court finds that Plaintiff's Complaint satisfies all the
24 requirements of Supplemental Rule 2(b)(1) and therefore satisfies the minimum pleading
25 requirements to state a claim for relief in this type of case. 28 U.S.C. § 1915(e)(2)(B)(ii).

26 For similar reasons, the Court finds that Plaintiff's Complaint is not frivolous. 28 U.S.C.
27 § 1915(e)(2)(B)(i). It is well understood that a failure to state a claim does not invariably mean
28 that the claim is frivolous (*i.e.*, without any arguable merit); or put differently, not all unsuccessful

claims are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 329 (1989). It follows logically that where, as found here, the Complaint does successfully state a claim, the claim should be found to be not frivolous.

Finally, the Court's analysis above readily leads to the conclusion that the Complaint here is not malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i). "[C]ourts have determined that a complaint is malicious within the meaning of the statute 'if it is repetitive or evidences an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases.' Other courts have given 'malicious' its ordinary meaning, stating that cases are malicious if they are 'filed with the intention or desire to harm another.'" *Heredia v. W. Valley Staffing Gp.*, No. 18-cv-01236-SVK, 2018 WL 3245176, at *1 (N.D. Cal. Mar. 15, 2018) (internal quotations and citations omitted); *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("A case is malicious if it was filed with the 'intention or desire to harm another.'"). Here, the Complaint states a cause of action and has no indicia that Plaintiff has an "intention or desire to harm" the Commissioner through this action (such as by filing duplicative or serial lawsuits). Rather, the Complaint indicates Plaintiff's desire to vindicate their asserted claim to social security benefits which have been denied by the Commissioner.

Accordingly, and in light of the above analysis, the Court concludes for purposes of mandatory IFP screening that Plaintiff's Complaint is not "frivolous or malicious," does not "fail[] to state a claim on which relief may be granted," and does not "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court's determination is without prejudice to further determinations on the merits as this matter proceeds, after the Commissioner appears and both Parties assert any further arguments, records, or other matters following the proper procedures and timing requirements for this case.

**CONCLUSION**

Accordingly, it is **ORDERED** that:

1. Plaintiff's Complaint in this case [Dkt. 1] shall **NOT** be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. In accordance with Supplemental Rule 3 of the Supplemental Rules for Social Security

Actions Under 42 U.S.C. § 405(g), a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Office for the Northern District of California in lieu of service of a summons. *See* Fed. R. Civ. P. Supp. Soc. Sec. R. 3 ("The court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. . . . The plaintiff need not serve a summons and complaint under Civil Rule 4.").

3. In accordance with Supplemental Rule 4, the Commissioner shall file a certified copy of the administrative record or otherwise respond to Plaintiff's Complaint within sixty (60) days after notice of the action is given under Supplemental Rule 3.

4. The Court has also received the Commissioner's Administrative Motion to Confirm Response Date. [Dkt. 7]. That Administrative Motion sought to confirm the Commissioner's response date prematurely, because no response was due at the time the Administrative Motion was filed. As noted, under the Supplemental rules for Social Security Actions, the Commission's response date is triggered by issuance of this Order and by operation of Supplemental Rule 4. Accordingly, the Administrative Motion [Dkt. 7] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: January 8, 2025

PETER H. KANG
United States Magistrate Judge